IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

Case No. 10-41681-13

REX ALAN JONES and
JANICE MARIE JONES,
        Debtors.

## CHAPTER 13 PLAN

DEBTOR:   **Rex A. Jones**         SSN   **XXX-XX-2324**
              **Janice M. Jones**     SSN   **XXX-XX-5994**

Debtor(s) propose:

**1. PLAN PAYMENT**: **$425.00** (choose one) ■ monthly / ☐ biweekly / ☐ weekly.

The Plan Payment shall be made by: (choose one)
- ■ Employer pay order directed to **State of Kansas at 900 SW Jackson, Landon St. Ofc. Bldg., Rm 351, Topeka, KS 66612-1248.**
- ☐ Debtor pay order directed to Debtor.

**2. GENERAL PROVISIONS**: Based upon Debtor's Official Bankruptcy Form 22C, the Applicable Commitment Period for this Plan is (Choose one.) ■ 36 months or ☐ 60 months. The net result from Form 22C is **$N/A**, which multiplied by the ACP (36 or 60) = **$0.00**, the amount required to be paid to unsecured creditors per Form 22 C. Debtor reserves the right to extend the Plan length up to 60 months. The amount proposed to be paid through this Plan for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period.

**IT ☐ IS / ■ IS NOT (Choose one) ANTICIPATED THAT THERE WILL BE FUNDS PAID TO GENERAL UNSECURED CREDITORS THROUGH THIS PLAN.**

**3. ADMINISTRATIVE:** (Choose one)
- ☐ Proposed pre-confirmation debtor's attorney fees are $_____. The Debtor has paid $_____ direct to the attorney. $_____ will be paid to the attorney over approximately the first ____ months of the Plan, to the extent funds are available. Once such fees are paid, Plan payments shall be lowered to $_____. The Chapter 13 Trustee shall be paid up to 10% of all funds disbursed by him. Counsel for Debtor reserves the right to submit additional fee applications, either on a time and charges basis or for specific tasks. The Debtor consents to such increases in Plan payments as may be necessary to pay such additional fees.
- ■ Proposed pre-confirmation debtor's attorney fees are **$2,300.00**. The Debtor has paid **$0.00** direct to the attorney. **2,300.00** will be paid to the attorney over approximately **24 months**, to the extent possible. Debtor has proposed equal monthly installments to be paid to certain

creditors. Once the attorney fees are paid, those funds that were designated for attorney fees will be paid pro rata to secured creditors, in addition to the proposed fixed monthly payment. The Chapter 13 Trustee shall be paid up to 10% on all funds disbursed by him. Counsel for Debtor reserves the right to submit additional fee applications, either on a time and charges basis or for specific tasks. The Debtor consents to such increases in plan payments as may be necessary to pay such additional payments.

4. **FILING FEE:** The filing fee of **$274.00** (choose one):
   ■ has been paid / ☐ will be paid by the Trustee from payments made by the Debtor.

5. **FINANCIAL MANAGEMENT COURSE FEES**: Financial Management Course fees of **$19.00** (choose one):
   ☐ Will be paid direct by the Debtor to the credit counseling agency.
   ☐ Will be paid by the Trustee from the first payments made by the Debtor to the Trustee to _____ (name of agency) at _____ (agency address) upon a showing that the course has been completed AND the filing of a Proof of Claim by the agency providing the instructional course required by 11 U.S.C. 111 and 1328(g)(1).
   ■ Will be paid by funds held in trust by the Debtor's attorney.

6. **TAX REFUND FOR THE YEAR IN WHICH THE DEBTOR FILED THIS BANKRUPTCY.** Debtor will immediately pay over to the Trustee the tax refund upon receipt. The Trustee will remit to the Debtor any portion of the refund that Debtor is entitled to retain. The Trustee will honor any proper assignment of the tax refund to Debtor's attorney and promptly remit such funds to Debtor's attorney. The Trustee will not retain a trustee's fee on amounts of the refund remitted to Debtor or to Debtor's counsel pursuant to the tax assignment.

7. **TAX RETURNS**: Federal and state tax returns for the preceding four (4) years (choose one) ■ have been filed / ☐ have not been filed. If all such returns have not been filed, Debtor shall file such returns by _____ (date). List the tax years for which returns have not been filed: _____. Debtor will timely file all tax returns during the pendency of this case.

8. **DOMESTIC SUPPORT OBLIGATIONS:** The Debtor (choose one) ☐ owes / ■ does not owe a domestic support obligation. Such obligation consists of payments that are (choose all that are applicable) ☐ ongoing / ☐ arrearage. Debtor shall maintain current on ongoing domestic support obligations during the time Debtor is in bankruptcy. Any arrearage that existed as of the date of filing of this case will be paid through the plan. Below is a summary of all domestic support obligations owed, including child support, maintenance, property settlement and third party debt repayment, with the names of the creditors and amounts owed, pre and post petition. Debtor has provided the Chapter 13 Trustee with the name, address and phone number for each child support creditor.

| CREDITOR | ADDRESS | PAYMENT AMT. | ARREARAGE |
|---|---|---|---|

**None**

9. **PRIORITY TAX CLAIMS**: Debtor shall pay all allowed priority claims under 11 U.S.C. 507, without post petition interest. Debtor estimates that the IRS is owed **$1,663.59** and the State of Kansas is owed **$72.56**. Payments through the Trustee of the principal and interest of the tax obligations due as of the date of the filing of the bankruptcy petition (as determined by the creditor's proof of claim or order of the Court) shall result in a full and total discharge of all obligations of the Debtor for those taxes except the IRS debt is not discharged to the extent provided by 11 U.S.C. 1328(a). Unless placed in controversy, the specific dollar amount to be paid shall be in accordance with the creditor's proof of claim. Unless objected to, the claim shall be deemed allowed. (Certain tax claims may be secured and will be treated accordingly, if such exists).

10. **PROPERTY TO BE SURRENDERED**: The following property will be surrendered as indicated:

| PROPERTY | CREDITOR WITH SECURED CLAIM IN PROPERTY |
|---|---|
| **Tristar Cleaning System** | **Prime Acceptance Corp** |

Any Creditor seeking to repossess / foreclose the collateral described in this section prior to confirmation must seek and obtain an order from the Court granting relief from the automatic stay, unless the automatic stay no longer applies under 11 U.S.C. 362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified above for surrender and the Creditor need not file a motion to lift stay in order to repossess, foreclose upon or sell the collateral. This provision is not intended to lift any applicable co-Debtor stay or to abrogate Debtor's state law contractual rights. Unless specifically otherwise indicated, Creditors with a security interest in collateral to be surrendered shall be allowed to file a general unsecured deficiency claim.

11. **REAL ESTATE MORTGAGES:** (Choose all that apply.)
   ■ Debtor has no real estate mortgage debt.
   ☐ Debtor is current on the following real estate mortgage obligations and shall continue to make ongoing payments direct to the real estate mortgage creditor. In the event Debtor becomes delinquent on such obligations after the bankruptcy petition date, Debtor shall make future ongoing payments through the Plan pursuant to Standing Order 08-1 and comply with all provisions thereof.

| REAL PROPERTY CREDITOR | MO. PYMT AMOUNT | EST. ARREARS | EST. TOTAL DEBT |
|---|---|---|---|
|  |  | $0.00 |  |

   ☐ Debtor is in arrears on the following real estate mortgage obligations and shall pay arrearages and ongoing post-petition real estate mortgage payments through the Plan (conduit payments) pursuant to Standing Order 08-1 and comply with all provisions thereof. The first post-petition ongoing mortgage payment through the Plan will begin with the _____ (month), _____ (year) payment, which is the third mortgage payment due after the filing of the petition. The first two (2) monthly post-petition mortgage payments that come due prior to the commencement of regular ongoing mortgage payments, plus two late fees, plus contract

interest at the rate of _____, shall be paid as an administrative expense. At the completion of the Plan, Debtor shall resume monthly mortgage payments directly to the real property creditor pursuant to the terms of the mortgage contract.

| REAL PROPERTY CREDITOR | MO. PYMT AMOUNT | EST. ARREARS | EST. TOTAL DEBT |
|---|---|---|---|
| | | | |

Unless specifically controverted herein or by an objection to the claim, the amounts contained in the real property creditor's allowed Proof of Claim shall control, and the amounts listed here are estimates. No disbursements shall be made until a Proof of Claim is filed.

Interest (choose one) ☐ shall NOT be paid on the pre-petition arrearage / ☐ shall be paid on the pre-petition arrearage amount at the rate of _____. Absent timely objection, the real property creditor shall be bound by the foregoing interest rate. Pre-petition arrearages shall be paid pro rata with other secured creditors unless otherwise indicated.

If Debtor pays the arrearage, together with interest, if any, as specified in the Plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the real property creditor to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

If Debtor has made all payments required under the Chapter 13 Plan, the Chapter 13 Trustee shall file a motion seeking an order of the Court determining that all pre-petition and/or post-petition defaults on Debtor's residential home mortgage debt are deemed cured and all payments made on such debt through the date of plan completion are current, with no arrearage, no escrow balance, late charges, costs or attorney fees owing, except to the extent that the Court orders otherwise.

12. **NON-REAL ESTATE SECURED CREDITORS**: All non-real estate secured creditors shall retain their liens pursuant to 11 U.S.C. 1325(a)(5) and shall release their liens on the collateral at discharge.

All adequate protection payments, if any, will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g). A Proof of Claim must be on file before adequate protection payments will be disbursed. Any adequate protection payments made pre confirmation shall be credited against the allowed principal secured portion of the creditor's claim. If no adequate protection payment is specified, Debtor proposes that creditors will be adequately protected by Debtor promptly beginning to make monthly payments under the Plan, and for the Trustee to disburse as soon as is practicable. If confirmation is delayed, Debtor will join the Trustee in seeking disbursement of plan payments as if the plan was confirmed when appropriate.

The proposed monthly payments are estimates. The amounts may be adjusted up or down by the

Trustee, in his discretion, as is necessary to make the plan feasible and to pay the secured creditors as required. Debtor reserves the right to increase payments to the secured creditors beyond the estimated equal monthly payment amount, as Debtor may be willing and able to pay. For vehicles, please specify the make, model, year, mileage and condition and the method used for determining value. The following subsections (A, B, and C) address non-real estate mortgage secured creditors:

    A. **GENERAL SECURED CREDITORS:** The following are general secured creditors and shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified, plus the current discount / "Till" rate (Prime plus 1.5%). The Plan shall determine the value of the collateral.

| CREDITOR | COLLATERAL | VALUE | TOTAL DEBT | EST. PYMT | ADEQ. PROTECT |
|---|---|---|---|---|---|
| **Capital One Auto Finance** | 2006 Ford Taurus 81,000 miles | $6,562.50 | $7,640.10 | $196.00 | N/A |
| **CitiFinancial** | 1994 Ford F150 | $2,700.00 | $10,171.99 | $80.00 | N/A |

    B. **910 CAR LOAN SECURED CREDITORS:** The following are "910" creditors as defined in 11 U.S.C. 1325(a)(9), who claim a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, for debts incurred within 910 days prior to the filing of the bankruptcy petition. Debtor proposes to pay the following 910 Creditors in full plus the current discount / "Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

| CREDITOR | COLLATERAL | VALUE | TOTAL DEBT | EST. PYMT | ADEQ. PROTECT |
|---|---|---|---|---|---|

**None**

C. **ONE-YEAR LOAN CREDITORS**: The following are "oneyear loan" creditors, as defined in 11 U.S.C. 1325(a)(9), who claim a purchase money security interest in personal property, other than a motor vehicle acquired for the personal use of the Debtor, for debts incurred within one-year preceding the filing of the bankruptcy petition. Debtor proposes to pay the following "one-year loan" creditors in full plus the current discount / "Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

| CREDITOR | COLLATERAL | VALUE | TOTAL DEBT | EST. PYMT | ADEQ. PROTECT |
|---|---|---|---|---|---|

**None**

13. **LIEN AVOIDANCES**: Debtor will seek to avoid the following liens under 11 U.S.C. 522(f) by the filing of an appropriate motion: **None**

14. **SPECIAL CLASS CREDITORS**: Special Class Creditors, if any, are to be paid as specified. Unless otherwise ordered by the Court, Special Class Creditors shall NOT share pro rata in the amount to be paid to unsecured creditors as determined by Form 22C or the liquidated value of the estate per the "Best Interests of Creditors Test".

15. **STUDENT LOAN OBLIGATIONS**: The student loan creditor shall share, pro rata, with other general unsecured creditors. Debtor is aware that interest will continue to accrue post-petition. Further, Debtor is aware that any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and will still be owed by the Debtor, unless Debtor files an adversary proceeding to determine the dischargeability of the debt and prevails on the merits.

| CREDITOR | ESTIMATED AMOUNT OF DEBT |
|---|---|
| **US Department of Education** | **$10,006.90** |

16. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**: Post-petition payments on executory contracts and unexpired leases that are assumed shall be paid directly to the creditor, unless otherwise specified. Any pre-petition arrearages shall be cured by payments to be made by the Debtor direct to the creditor, unless otherwise specified.

17. **PLAN AMENDMENTS**: Debtor hereby reserves the right to modify this Plan pursuant to 11 U.S.C. 1329 and to include post-petition debt pursuant to 11 U.S.C. 1322(b)(6).

18. **GENERAL UNSECURED CREDITORS**: General unsecured claims will be paid after all other unsecured claims, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form 22C or through the satisfaction of the "Best Interests of Creditors Test" pursuant to 11 U.S.C. 1325(a)(4), whichever is higher.

19. **"BEST INTERESTS OF CREDITORS TEST":** Pursuant to 11 U.S.C. 1325(a)(4), the liquidation value of Debtor's nonexempt property is **$N/A**. (List the property, explain how the computation of the liquidation value was made or attach a separate document explaining this.)

20. **PROPERTY OF THE ESTATE**: In addition to the property specified in 11 U.S.C. 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

21. **EFFECT OF CONFIRMATION: ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN. AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION.** If a creditor files a secured claim that is not provided for in the Plan, the claim shall be allowed as filed unless objected to by the Debtor or resolved by plan amendment or

agreement of the parties. All property of the estate will revest in the Debtor(s) at discharge, unless otherwise ordered by the Court pursuant to 11 U.S.C. 1322(b)(9). **ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.**

Confirmation of the Plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sections of 11 U.S.C. 1322 and 1325, and that Debtor shave fulfilled all of their pre-confirmation obligations under 11 U.S.C. 521.

Dated: September 16, 2010          *s/ Rex Alan Jones*
                                                   REX ALAN JONES

                                                   *s/ Janice Marie Jones*
                                                   JANICE MARIE JONES

Respectfully submitted,
STUMBO HANSON, LLP


By:    *s/ Kathryn E. Sheedy*
KATHRYN E. SHEEDY, #22867
2887 S.W. MacVicar Avenue
Topeka, KS 66611
(785) 267-3410; 267-9516 (fax)
kathryn@stumbolaw.com
Attorneys for Debtor